UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES A. WARREN,

    Petitioner,

-vs-                                                Case No. 8:18-cv-3100-T-02AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Warren, a Florida inmate, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Before the Court is Respondent's limited response to the petition, which incorporates a motion to dismiss the petition as time-barred (Doc. 14). Upon consideration, the motion to dismiss will be granted.

### Procedural Background

On September 4, 2008, Mr. Warren was convicted of four counts of sexual battery and sentenced to life in prison (Doc. 15-1, docket pp. 174-76, 208). His convictions and sentences were affirmed on appeal on June 11, 2010 (Id., docket p. 261).

On June 30, 2011, Mr. Warren filed a motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure (Id., docket pp. 273-83). The motion was denied (Doc. 15-2, docket pp. 2-60), and the denial of the motion was affirmed on appeal (Id., docket p. 91). The appellate court's mandate issued December 13, 2017 (Id., docket p. 107). Mr. Warren thereafter filed his federal habeas petition in this Court on December 13, 2018 (Doc. 1, p. 1).

### Discussion

Respondent moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d), arguing that

more than one year passed after Mr. Warren's judgment became final. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one year statute of limitations for federal habeas petitions. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

Because Mr. Warren's judgment of conviction was affirmed on appeal on June 11, 2010, it became final 90 days later, on September 9, 2010, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired. *Clay v. United States*, 537 U.S. 522, 527 (2003); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).[1] Two hundred ninety-four (294) days of the AEDPA's limitations period elapsed before it was tolled by Mr. Warren's Rule 3.850 motion, constructively filed June 30, 2011. The limitations period remained tolled until December 13, 2017, when the appellate court issued its mandate after affirming the denial of the Rule 3.850 motion. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (Rule 3.850 motion considered pending until the mandate issues in any appellate proceeding). The limitations period expired 71 days later on February 22, 2018. Accordingly, Mr. Warren's petition, filed in December 2018, is time-barred.[2]

It is therefore **ORDERED** that Respondent's motion to dismiss (Doc. 14) is **GRANTED**. The

---

[1] In his reply, Mr. Warren incorrectly contends that his judgment became final on December 13, 2017 (Doc. 17, docket p. 2).

[2] Mr. Warren does not allege or show entitlement to equitable tolling of the limitations period, or actual innocence. *See McQuiggin v. Perkins*, U.S., 133 S. Ct. 1924 (2013) (actual innocence can overcome the statute of limitations in AEDPA); *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[28 U.S.C] § 2244(d) is subject to equitable tolling in appropriate cases.").

petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred. The **Clerk** shall enter judgment against Mr. Warren and close this case.

**Certificate of Appealability and Leave to Proceed on Appeal In Forma Pauperis Denied**

A certificate of appealability will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time-barred is procedural). Mr. Warren cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida on ____July 1st____, 2019.

WILLIAM F. JUNG
United States District Judge

SA: sfc
Copies to: James A. Warren, *pro se*
Counsel of Record